NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**LISA BROOKS CARLSON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3155

---

Petition for review of the Merit Systems Protection Board in case no. DC0353100743-I-1.

---

Decided: January 11, 2012

---

LISA BROOKS CARLSON, of Virginia Beach, Virginia, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

Lisa Carlson ("Carlson") appeals a final decision of the Merit Systems Protection Board ("Board") dismissing her appeal of the Postal Service's ("agency") denial of restoration rights for lack of jurisdiction. *Carlson v. U.S. Postal Serv.*, MSPB Docket No. DC-0353100743-I-1 (May 18, 2011). Because Carlson failed to make a non-frivolous allegation that the agency dismissed her claim based on a compensable injury and not for cause, this court affirms.

## BACKGROUND

Carlson joined the Postal Service on February 25, 1978. On May 24, 1993, she suffered a compensable lower back injury diagnosed as a muscle strain. Carlson saw a number of doctors after her injury and by April 4, 1994, Dr. Steven Gershon indicated that Carlson could work so long as her office provided her with an appropriate chair. At her follow up appointment on April 20, 1994, Dr. Gershon indicated that Carlson was to remain at work full-time under the previous medical restriction (use of the appropriate chair). Carlson left work on April 21, 1994, complaining of back pain. On April 28, 1994, the agency sent her a letter informing her that the agency considered her absent without leave ("AWOL") and requesting that she furnish, within five days, medical documentation supporting her absence. She did not provide such medical documentation and the agency, in a May 10, 1994 letter, notified her of its intent to remove her from service effective June 17, 1994.

On June 15, 1994, Carlson filed a grievance with the American Postal Workers Union alleging that her absence, beginning on April 21, 1994, was due to her earlier compensable injury. Prior to arbitration, Carlson withdrew her grievance pursuant to a settlement agreement with the agency. The settlement agreement provided that

the agency would offer her a rehab position if and when the Office of Workers' Compensation Programs ("OWCP") placed her on its periodic rolls. After the grievance was resolved, the agency on March 21, 1995 officially removed her for having been AWOL since April 21, 1994. In letters dated February 29, 1996, and December 26, 2002, the OWCP denied Carlson's claims for lost wages stemming from her April 21, 1994 condition. Specifically, the OWCP found that Carlson's alleged disability was not causally related to her 1993 job-related injury. On July 23, 2010, Carlson appealed to the Board alleging that the agency denied her restoration rights following a compensable injury. The Board affirmed the administrative judge's ("AJ") determination that it lacked jurisdiction over Carlson's case because she failed to make a non-frivolous allegation that the agency removed her due to a compensable injury, and not because she was AWOL. The AJ also determined that Carlson's appeal was untimely. The Board agreed that it lacked jurisdiction over her case and did not review the AJ's determination on timeliness. Carlson appeals the Board's ruling, and this court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision to dismiss a claim for want of jurisdiction is a legal conclusion we review de novo. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). We review any factual findings supporting the Board's legal conclusion for substantial evidence. *Id.* When an agency fails to reinstate an individual who has partially recovered from a compensable injury, that individual may seek Board review as to whether the agency acted arbitrarily and capriciously in denying restoration. 5 C.F.R. § 353.304(c). To establish the Board's jurisdiction pursuant to 5 C.F.R. § 353.304(c), an appellant must prove by preponderant evidence that: (1) her absence was due to a compensable injury, (2) she

sufficiently recovered to return to duty in a less demanding position, (3) the agency denied her request for restoration, and (4) the agency's denial was arbitrary and capricious. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101-03 (Fed. Cir. 2011). To obtain a hearing before the Board on the issue of jurisdiction, the appellant must make non-frivolous allegations, which if true, would establish jurisdiction. *Id.* at 1102. The determination of whether an individual suffers from a compensable injury is made by the OWCP. *Chen v. U.S. Postal Serv.*, 97 M.S.P.R. 527 (2004).

Here, it is undisputed that Carlson left work on April 21, 1994. Although the agency ultimately separated her for being AWOL (a for-cause reason), Carlson contends that she left work because of pain, and therefore, her absence was due to her compensable back injury, entitling her to restoration rights. But Carlson failed to provide the medical documentation the agency requested on April 28, 1994, and the agency made clear that her termination was due to her being absent without leave. The record also contains letters from the OWCP dated February 29, 1996, and December 26, 2002, explaining OWCP's finding that no evidence supported Carlson's contention that her April 21, 1994 condition was related to her previous back injury.

Carlson next cites the settlement agreement dated March 21, 1995, as evidence that OWCP determined her April 21, 1994 condition to be a compensable injury. This settlement agreement provided that, "[i]f and when [Carlson] is placed upon the periodic rolls of the [OWCP,] management will offer her a rehab position in accordance with her physician's medical restriction." Carlson then cites to several letters she received from the agency referring to a January 31, 1997 decision by OWCP senior claims examiner Duane Ceasar ("Ceasar"). Apparently, Ceasar's decision caused the agency to begin the reinstatement process for Carlson. The record shows that

Carlson took the initial steps for reinstatement, but the agency ultimately failed to reinstate her. Although the record does not contain Ceasar's decision, it does contain the more recent December 26, 2002 letter from senior OWCP claims examiner E. Padar. This letter confirms the OWCP's October 15, 1999 decision (also not in the record) that Carlson's April 21, 1994 condition was not a compensable injury.

In light of the foregoing record, this court agrees with the Board that Carlson failed to make a non-frivolous allegation that her separation from the Postal Service was because of a compensable injury and not because she was AWOL. The Board correctly affirmed the AJ's finding that it lacked jurisdiction. Because the Board lacks jurisdiction over Carlson's claim, we need not reach the question of whether she timely appealed.

For the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.