# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT D. FRANKLIN,<br>              Appellant,<br><br>      v.<br><br>OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>              Agency. | DOCKET NUMBER<br>AT-844E-15-0571-I-1<br><br><br>DATE: March 10, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert D. Franklin</u>, Elizabethton, Tennessee, pro se.

<u>Thomas Styer</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective March 16, 2012, the appellant was removed from his Painter position with the Department of Veterans Affairs (DVA).  Initial Appeal File (IAF), Tab 4 at 221.  In May 2013, the appellant submitted an application for disability retirement under FERS to the DVA.  *Id.* at 237-38.  In a letter dated April 17, 2014, OPM informed the appellant that his application did not meet the 1-year filing deadline and requested evidence of mental incompetency during the filing period to prove his entitlement to a waiver of the filing deadline.  *Id.* at 212-13.  After the appellant responded, OPM issued an initial decision dismissing his application as untimely.  *Id.* at 131-33, 211.  The appellant requested reconsideration, and OPM affirmed its initial decision and found that he failed to show that he was mentally incompetent during the filing period.  *Id.* at 4‑6.

¶3        The appellant subsequently filed an appeal of OPM's reconsideration decision and requested a hearing.  IAF, Tab 1 at 1-6.  In an order and summary of

telephonic prehearing conference, the administrative judge informed the appellant of his burden of proving that he timely filed a disability retirement application or was mentally incompetent during the relevant filing period. IAF, Tab 7. In a prehearing submission, the appellant alleged that he submitted a disability retirement application on November 29, 2012. IAF, Tab 8 at 4. Later, he asserted and testified during the hearing that he first submitted a disability retirement application to the DVA on February 27, 2013. IAF, Tab 9 at 1, Tab 10, Hearing Compact Disc (HCD) (00:13:06-00:14:03).

¶4      The administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 11, Initial Decision (ID) at 1, 6. The administrative judge found that the appellant's testimony that he filed a disability retirement application on or around February 28, 2013, was not credible. ID at 4‑6. Therefore, he found that the appellant failed to prove that he timely filed his disability retirement application. ID at 6. He further found the appellant either abandoned or failed to prove his claim of mental incompetence during the filing period. *Id.*

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      An application for disability retirement under FERS must be filed with an employee's employing agency before the employee separates from service or with the former employing agency or OPM within 1 year after the employee's separation. 5 U.S.C. § 8453; *King v. Office of Personnel Management*, 112 M.S.P.R. 522, ¶ 7 (2009); 5 C.F.R. § 844.201(a)(1). The 1-year time limit for filing a disability retirement application following an employee's separation from service may be waived if the employee is mentally incompetent at the date of separation or within 1 year thereafter and if the application is filed with the

former employing agency or OPM within 1 year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier. 5 U.S.C. § 8453; *King*, 112 M.S.P.R. 522, ¶ 7; 5 C.F.R. § 844.201(a)(4). An employee seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence.[2] *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 1201.56(b)(2)(ii).

The appellant has failed to prove that he timely filed an application for disability retirement.

¶7        As the administrative judge properly found, the appellant has failed to meet his burden of proving that he timely filed an application for disability retirement. ID at 6. Because the appellant was removed on March 16, 2012, his filing deadline was on March 16, 2013. IAF, Tab 4 at 221. In a prehearing submission, the appellant asserted that he timely filed his application on November 29, 2012.[3] IAF, Tab 8 at 4. However, he never substantiated this claim.

¶8        In a subsequent prehearing submission, and during his hearing testimony, the appellant asserted that he timely filed his disability retirement application on February 27, 2013. IAF, Tab 9 at 1; HCD (00:03:07-00:07:35). To support his argument, he submitted a signed statement from a current DVA Human Resources Specialist, a completed copy of Standard Form 3112A, Applicant's Statement of Disability, dated February 27, 2013, and a letter from the Social Security Administration confirming an appointment for February 28, 2013, related to a claim for disability Supplemental Security Income. IAF, Tab 9 at 2-6. He also called the Human Resources Specialist as a witness during the hearing. HCD (00:14:20-00:35:00).

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] The appellant seems to have misread a date stamp that appears to identify November 29, 2013, as the date OPM received his disability retirement application. IAF, Tab 8 at 7.

¶9    The administrative judge found that the appellant's documentary evidence and the Human Resources Specialist's testimony showed only that he made preparatory steps to file a disability retirement application before the filing deadline and did not prove that he in fact timely filed an application. ID at 4. We agree. In a written statement, the Human Resources Specialist asserted that the appellant gave him copies of documents that would have been processed with a disability retirement application had they been submitted within the filing deadline, but he could not find such documents in the DVA's records. IAF, Tab 9 at 2. Because the Human Resources Specialist did not start his position until May 2013, he could not confirm the DVA's receipt of any documents related to the appellant's disability retirement application prior to that date. HCD (00:28:10-00:34:35).

¶10    The administrative judge further found that the appellant's testimony was not credible due to its inconsistency with his prior statements. ID at 5-6. We defer to the administrative judge's demeanor-based credibility determination because the appellant has not provided a sufficiently sound reason on review to overturn it. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and that the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶11    In his petition for review, the appellant reasserts that he timely filed a disability retirement application on February 27, 2013. PFR File, Tab 4 at 1-2. To support his argument, the appellant submits an affidavit from a former DVA Human Resources Specialist created on September 29, 2015. PFR File, Tab 1 at 2, 4. In the affidavit, the former Human Resources Specialist confirms meeting the appellant on February 28, 2013, to review his disability retirement application. *Id.* at 4. The former Human Resources Specialist further states that

the appellant gave him the completed application at the meeting and he forwarded the application to his coworker for processing. *Id.* The appellant also submits a copy of an armband documenting his visit to an emergency room on February 27, 2013. PFR File, Tab 4 at 2-3.

¶12 The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015); 5 C.F.R. § 1201.115(d). Where, as here, a hearing is held in a Board appeal, the record in the case ordinarily closes at the conclusion of the hearing. *See Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 6 (2001); 5 C.F.R. § 1201.59(a). Thus, we find that the record closed on September 3, 2015, the date of the hearing. IAF, Tab 5 at 1, Tab 10.

¶13 We find that the appellant has not shown that the affidavit and copy of an armband were unavailable despite his due diligence when the record closed, and thus, we decline to consider them. The appellant explains that he was unable to obtain the affidavit before the hearing because he believed he did not need it and only realized that it was important after the hearing. PFR File, Tab 4 at 1. He admits that he did not attempt to contact the former Human Resources Specialist until after the hearing. *Id.* Therefore, we find that the appellant did not demonstrate due diligence because he did not attempt to find the former Human Resources Specialist until after the record closed. Further, the appellant has not attempted to explain why the copy of the armband was unavailable despite his due diligence before the end of the hearing.

¶14 For these reasons, we find that the appellant has not provided a reason to disturb the administrative judge's determination that the appellant failed to prove that he timely filed a disability retirement application. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the

administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

The appellant has failed to prove that he is entitled to a waiver of the 1-year time limit based on mental incompetence.

¶15    In response to OPM's request for information necessary for a competency determination, the appellant submitted affidavits from his mother and friend describing his difficulty in performing day-to-day tasks.  IAF, Tab 4 at 212-17. He also submitted a copy of his medical records and letters from the Office of Workers' Compensation Programs approving his traumatic injury claim for the condition of chemical pneumonitis.  *Id.* at 164-209, 211.  In its reconsideration decision, OPM found that the appellant's evidence was insufficient to show that he was mentally incompetent during the filing period.  *Id.* at 5.

¶16    The administrative judge noted that the appellant did not claim mental incompetence during the filing period in his Board submissions or during the hearing, and thus, he effectively abandoned the claim at the Board level.  ID at 6. The administrative judge also found that the record supports OPM's determination that the appellant did not prove that he was mentally incompetent during the filing period.  *Id.*  The appellant does not raise the issue of mental incompetence on review, and we find no reason to disturb the administrative judge's finding.

¶17    The standard for an individual's "mental incompetence is an inability to handle one's personal affairs because of either physical or mental disease or injury."  *Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007) (so finding in the context of the denial of a request for appointment of counsel).  An individual can meet this standard even if he has "some minimal capacity to manage his own affairs."  *McLaughlin v. Office of Personnel Management*, 353 F.3d 1363, 1368 (Fed. Cir. 2004) (quoting *French v. Office of*

*Personnel Management*, [810 F.2d 1118](#), 1120 (Fed. Cir. 1987)).[4]  In determining whether an individual was mentally incompetent during the relevant filing period, the Board requires medical evidence supporting subjective opinions of mental incompetence.  *Arizpe v. Office of Personnel Management*, [88 M.S.P.R. 463](#), ¶ 9 (2001).

¶18    We find that the medical evidence of record is inadequate to show that the appellant was mentally incompetent during the filing period because it does not support the conclusion that his medical condition of chemical pneumonitis and prescribed use of steroids rendered him unable to handle his personal affairs. IAF, Tab 4 at 164-80, 187, 190-93.  Instead, the medical evidence demonstrates great improvement in his medical condition and a lack of serious side effects from using steroids.  *Id.*  Therefore, we agree with the administrative judge that the appellant has failed to show that he was mentally incompetent during the filing period.

¶19    In conclusion, we find that the administrative judge properly affirmed OPM's reconsideration decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[4] *French* involved an application for disability retirement under the Civil Service Retirement System (CSRS); *Rapp* involved an application under FERS.  *See Rapp v. Office of Personnel Management*, [108 M.S.P.R. 674](#), 676 (2008).  The waiver provisions of the CSRS and FERS are virtually identical and have been construed consistently with one another.  *See McLaughlin*, 353 F.3d at 1368; *see also King*, [112 M.S.P.R. 522](#), ¶ 7.  *Compare* [5 U.S.C. § 8337](#)(b), *and* [5 C.F.R. § 831.1204](#)(d), *with* 5 U.S.C. § 8453, *and* 5 C.F.R. § 844.201(a)(4).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.