NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIETER STUSSY,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2014-3149

---

Petition for review of the Merit Systems Protection Board in No. SF-844E-13-0168-I-1.

---

Decided: October 31, 2016

---

MICHAEL J. SCHIFF, Michael J. Schiff, A Professional Law Corp., Woodland Hills, CA, for petitioner.

PHYLLIS JO BAUNACH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Dieter Stussy petitions for review of a final order of the Merit Systems Protection Board ("Board"). The Board affirmed an Office of Personnel Management ("OPM") decision denying disability retirement because the application was not timely filed. We *affirm*.

BACKGROUND

Stussy was an employee of the Internal Revenue Service ("agency") from July 3, 1988, until he was removed on October 15, 1993. Stussy grieved his removal, and the grievance was resolved by a settlement agreement in 1994. By the terms of the settlement agreement, Stussy's 1993 removal was changed to a resignation effective February 15, 1994.

In February 2012, 18 years later, Stussy filed an application for immediate disability retirement under the Federal Employees Retirement System ("FERS"). On his application, Stussy listed his date of final separation as October 15, 1993. In support of his application, Stussy submitted three assessment reports from mental health professionals prepared in 1993 and 1994, each stating that Stussy had experienced difficulties involving social interaction. OPM denied Stussy's application because it did not meet the statutory time limit requiring that an application be filed within one year of separation from service. 5 U.S.C. § 8453. OPM also determined that Stussy did not qualify for a waiver of the deadline because he did not establish that he was mentally incompetent at the time of his separation or that he became mentally incompetent within one year thereafter. *Id.*

Stussy appealed to the Board. The administrative judge ("AJ") agreed with OPM that Stussy's application for disability retirement was untimely and that the record did not support a finding that Stussy was mentally incompetent at any relevant time. The Board denied

Stussy's petition for review of the AJ's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court will reverse a Board decision only if the Board's action, findings, or conclusions were "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

An application for retirement disability benefits is timely if it is filed "before the employee or Member is separated from the service or within 1 year thereafter." 5 U.S.C. § 8453. An exception to this time limit applies to an employee "who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier." *Id.*

Stussy first argues that his application was timely because he should be retroactively reinstated to his position at the agency due to the agency's alleged breach of the 1994 settlement agreement, because the agreement was invalid, or because the agency rescinded the agreement. The crux of his argument is that, if he is reinstated and determined to be a current employee of the agency, then his application was timely filed. Stussy presents a litany of reasons why the settlement agreement should be disregarded. For example, Stussy asserts that despite the agency's agreement to remove all documentation regarding Stussy's 1993 removal from his employment records, the agency later denied his application for enrollment to practice before the agency, stating that he was not qualified because he had been removed for violating the agency's rules of conduct. Stussy separately argues that the

settlement agreement is invalid because the allegedly hostile work environment and alleged defects of the arbitration proceedings coerced him into signing the agreement.[1]

We see no error in the Board's refusal to address the effectiveness of the settlement agreement. We need not determine whether there does exist a forum in which Stussy could seek a remedy for the alleged agency breach and rescission of the settlement agreement. We simply hold that the effectiveness of the settlement agreement is beyond the scope of this proceeding. This is not a case like *Conant v. Office of Personnel Management,* 255 F.3d 1371 (Fed. Cir. 2001), where the agency's alleged breach of the settlement agreement related to the disability retirement application itself. *See id.* at 1377. Under the circumstances here, Stussy's arguments amount to an impermissible collateral attack on the settlement agreement. The Board did not abuse its discretion by declining to address them. *See Johnson v. U.S. Postal Serv.*, 108 M.S.P.R. 502, 506 n.5 (M.S.P.B. Apr. 7, 2008) ("If the appellant believes that the agency's decision to remove him is inconsistent with the settlement agreement, or that he should not be bound by the agreement, he should bring a direct proceeding to invalidate or enforce the agreement in the proper forum . . . .").

Second, Stussy argues that the late filing of his disability retirement application should have been excused because he was mentally incompetent between the time of his separation and June 2011. "This court's standard for mental incompetence is an inability to handle one's personal affairs because of either physical or mental disease

---

[1]     Stussy also asserts, without explanation, that the Board erred by denying his discovery requests related to his coercion argument.

or injury." *Rapp v. Office of Pers. Mgmt.*, 483 F.3d 1339, 1341 (Fed. Cir. 2007).

The Board reviewed the medical evidence of record, including the three mental health assessment reports prepared in 1993 and 1994. The Board found that "[e]ach of [the reports] concluded that [Stussy] had psychological problems and recommended treatment to ameliorate those problems, but none of them said anything that would support a conclusion that the appellant's psychological problems rendered him unable to handle his personal affairs." J.A. 5–6. Substantial evidence supports the Board's finding that Stussy was not incompetent.

Stussy asserts that in July 2011, he applied for and was later granted a Social Security Administration ("SSA") disability claim which indicated that he had been disabled as of February 8, 1993. As we noted in *Rapp*, "mental disability and mental incompetence are not the same thing." 483 F.3d at 1341. The Board did not err in finding that Stussy had not shown that he was mentally incompetent notwithstanding his SSA award.

Third, Stussy argues that he is entitled to a presumption of disability because the disability was the reason for his separation. *See Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 294 (Fed. Cir. 1993). However, the AJ found that Stussy was not separated because of a disability, and substantial evidence supports that determination.

Finally, Stussy argues that the agency failed to inform him that he may have been eligible to file a disability claim when it removed him as required by 5 C.F.R. § 844.202(b)(1). Although the Board did not address this argument, on its face it has no merit. That provision does not apply here because Stussy voluntarily resigned pursuant to the settlement agreement. *See Elendu v. Office of Pers. Mgmt.*, 108 M.S.P.R. 1, 3 n.1 (M.S.P.B. Jan. 28, 2008) ("[T]he appellant voluntarily resigned from federal service . . . ; therefore, . . . the [agency] was under no

obligation to inform the appellant of his retirement eligibility and of the time limit for filing an application.").

We have considered Stussy's remaining arguments and conclude that they are without merit.

### AFFIRMED

COSTS

No costs.