# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIETER STUSSY,
　　　　　Appellant,

　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　Agency.

DOCKET NUMBER
SF-1221-17-0095-W-1

DATE: June 28, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dieter Stussy</u>, Las Vegas, Nevada, pro se.

<u>Mikel C. Deimler</u>, Esquire, San Francisco, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as barred by collateral estoppel. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant, an Internal Revenue Service employee, was removed in 1993.  His grievance of that matter was resolved by a 1994 settlement agreement pursuant to which his removal was changed to a resignation, effective February 15, 1994.  In February 2012, he applied for disability retirement under the Federal Employees' Retirement System, but the Office of Personnel Management (OPM) dismissed his application as untimely filed.  On appeal, a Board administrative judge affirmed OPM's decision, the full Board denied the appellant's petition for review of the decision, *Stussy v. Office of Personnel Management*, MSPB Docket No. SF-844E-13-0168-I-1, Final Order at 2, 6 (May 7, 2014), and the U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision, *Stussy v. Office of Personnel Management*, 662 F. App'x 972 (Fed. Cir. 2016); Petition for Review (PFR) File, Tab 1 at 19.

¶3    On November 4, 2013, the appellant filed an IRA appeal alleging, inter alia, that, in retaliation for his whistleblowing activities, the agency conspired to remove him in 1993 and entered into an invalid settlement agreement in 1994, rendering his resignation involuntary.  Finding that the appellant failed to

establish exhaustion and otherwise satisfy the jurisdictional requirements for an IRA appeal, the administrative judge dismissed it. *Stussy v. Department of the Treasury*, MSPB Docket No. SF-1221-14-0068-W-1, Initial Decision at 9-10 (Mar. 26, 2014); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (holding that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action). On review, the full Board affirmed the initial decision but modified it to dismiss as untimely the appellant's IRA claim that he exhausted his remedy with OSC in 1997 and 1998, and to find that the reason the Board lacks jurisdiction over his claim that his resignation was involuntary is that he elected to first challenge that matter through the negotiated grievance procedure. *Stussy v. Department of the Treasury*, MSPB Docket No. SF-1221-14-0068-W-1, Final Order at 4-5, 7-8 (June 23, 2015). Despite the Board's guidance as to how the appellant could challenge its decision, he sought review at the Equal Employment Opportunity Commission, which denied consideration of the petition. His subsequent filing with the Federal Circuit was dismissed as untimely filed. *Stussy v. Merit Systems Protection Board*, No. 2016-1553 (Fed. Cir. June 22, 2016); Initial Appeal File (IAF), Tab 7 at 9.[2]

---

[2] On December 1, 2015, the appellant filed another IRA appeal in which he alleged that the Board's administrative judge retaliated against him by ruling against him in his disability retirement appeal after he disclosed alleged misconduct by OPM counsel and the administrative judge himself. The administrative judge in this IRA appeal dismissed the case for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that he was subjected to a personnel action, *Stussy v. Merit Systems Protection Board*, MSPB Docket No. SF-1221-16-0142-W-1, Initial Decision (Dec. 23, 2015), and the full Board denied the appellant's petition for review of that decision, *Stussy v. Merit Systems Protection Board*, MSPB Docket No. SF-1221-16-0142-W-1, Final Order (May 27, 2016).

¶4   In this current IRA appeal, the appellant challenged a number of these same matters, including the merits of his 1993 removal, the voluntariness of his 1994 resignation, and the validity of the settlement agreement that preceded it, and he again appeared to allege that the agency retaliated against him because of his whistleblowing activity.  IAF, Tab 1 at 9-12.  With his appeal, he submitted a copy of an OSC complaint he filed on August 12, 2016, seeking to reopen his previous complaint, *id.* at 34-41, and a September 30, 2016 letter he received from OSC regarding his filing, *id.* at 32-33.  He requested a hearing.  *Id.* at 1.  In acknowledging the appeal, the administrative judge referred the appellant to his prior appeals and directed him to show why this appeal should not be dismissed as precluded by collateral estoppel, and he also directed the appellant to provide evidence and argument showing that he exhausted his remedy before OSC.  IAF, Tab 3.  The appellant responded, IAF, Tab 6, and, in its response, the agency urged that the appeal be dismissed for lack of jurisdiction, IAF, Tab 7.

¶5   In his initial decision based on the written record, the administrative judge dismissed the appellant's appeal.  IAF, Tab 8, Initial Decision (ID) at 1, 8.  The administrative judge first considered the September 30, 2016 OSC letter which, he found, merely advised the appellant that it had no basis to further investigate his allegations challenging his removal but did not indicate that it was reopening his previous complaints so as to extend his deadline for filing an IRA appeal with the Board.  *Cf. Hawker v. Department of Veterans Affairs,* 123 M.S.P.R. 62, ¶ 7 (2015) (holding that a decision by OSC to reopen its investigation deprives its initial close-out determination of the requisite finality needed for purposes of seeking Board review).  As such, the administrative judge found that the appellant's 1997 and 1998 complaints that the Board found to be untimely by 15 years remain so.  ID at 4-6.  The administrative judge further found, based on the Board's decision in *Stussy v. Department of the Treasury*, MSPB Docket No. SF-1221-14-0068-W-1, Final Order (June 23, 2015), that the appellant's remaining claims were barred by collateral estoppel.  ID at 6-8.

¶6   The appellant has filed a petition for review, PFR File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

## ANALYSIS

¶7   On review, the appellant argues that neither res judicata nor collateral estoppel applies to bar consideration of his claims. PFR File, Tab 1 at 4-8. Although the agency argued below that the appellant's appeal is barred by res judicata, IAF, Tab 6 at 5-7, the administrative judge did not rely on that doctrine, but rather on collateral estoppel, to dismiss the appellant's appeal. ID at 6-8. Therefore, we need not address whether the appellant's appeal is barred by res judicata, which has different criteria. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).

¶8   Collateral estoppel is appropriate when (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom preclusion is sought had a full and fair opportunity to litigate the issue in the prior action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). The administrative judge found that these criteria apply to the appellant's claims regarding the rescinded 1993 removal, the invalidity of the 1994 settlement agreement, and the agency's alleged violation of that agreement. ID at 6-8. As noted, the Board in *Stussy v. Department of the Treasury*, MSPB Docket No. SF-1221-14-0068-W-1, found that the claims related to the 1993 removal were not timely raised to the Board following the appellant's receipt of OSC's closure letters, and that the administrative judge properly found that the Board lacks jurisdiction over the appellant's alleged involuntary resignation claim because he elected to pursue that matter through the negotiated grievance procedure. Final Order at 5-8. These jurisdictional and timeliness findings made in that decision bar the

appellant, under the doctrine of collateral estoppel, from raising these same claims again in this appeal. *See Ford v. U.S. Postal Service*, 118 M.S.P.R. 10, ¶ 11 (2012).

¶9     The appellant also alleges bias on the part of the administrative judge as to a number of matters. PFR File, Tab 1 at 10-14. Some of the appellant's allegations relate to actions of the administrative judge in prior appeals (claims #1, 2, 3, and 5) and they are therefore not relevant to this appeal. The appellant's assertions regarding the administrative judge's actions in this case include his denying sufficient time for discovery (claim #1), "being insubordinate to [the Federal Circuit] in entering his **judicially estopped** decision and thus denying the appellant's claim" (emphasis in original) (claim #4), mischaracterizing OSC's correspondence (claim #6), and being "derelict in his duties" by stating that the appellant's challenge to the review rights the Board provided in its 2015 Final Order is a matter more appropriately addressed to the Federal Circuit (claim #7). These allegations of bias appear to be based only on rulings made during this proceeding and findings made in the initial decision. Such rulings and findings, even if erroneous, do not establish bias sufficient to warrant recusal. *See King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (finding that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

¶10     Finally, the appellant alleges that the administrative judge abused his discretion by not allowing the appellant to reply to the agency's response to the administrative judge's order to show cause. PFR File, Tab 1 at 10-12. In that November 18, 2016 Order, the administrative judge directed the appellant to respond to the res judicata/collateral estoppel issue such that the Board and the agency received his submission within 10 calendar days (by November 28). IAF, Tab 3. The administrative judge stated that the agency's response had to be

received within 19 calendar days (by December 7), and that the record would close on that date, unless the agency submitted new evidence or argument just before the close of the record, in which case the appellant could respond by a further filing received within 24 calendar days (by December 12). *Id.* The record reflects that the agency did file its response to the administrative judge's order on December 7, 2016, IAF, Tab 7, and that, therefore, the appellant had 5 days in which to submit a final filing, but did not do so. The appellant has not explained why he did not attempt to make any further filing after the agency filed its response to the administrative judge's order, or identified what additional evidence or argument he was unable to submit. Rather, he argues that the administrative judge's scheduling precluded him from pursuing meaningful discovery. PFR File, Tab 1 at 10-11. However, he has not argued that he was attempting to pursue discovery in this case, despite the administrative judge's November 17, 2016 acknowledgment order describing the Board's discovery procedures. IAF, Tab 2. Administrative judges have broad authority to govern the proceedings before them. 5 C.F.R. § 1201.41(b); *see Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 12 (2015). Under the circumstances, we find that the appellant has not shown that the administrative judge abused his discretion regarding the scheduling set forth in the show cause order.

¶11    We have considered the remaining matters to which the appellant has referred on review, including his 1996 "Tucker Act District Court case," PFR File, Tab 1 at 8-9; the merits of his whistleblower claim, *id.* at 14-15; and the 2007 guilty plea of his former fourth-level supervisor, *id.* at 15-16, but find that none of these matters has any bearing on the propriety of the initial decision here under review.

¶12    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

[http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx](http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx).

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  [5 U.S.C. § 7702](b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                                 _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.