**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANNA MACIEL,
        Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
SF-844E-20-0420-I-1

DATE: August 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer Maciel, Gilroy, California, for the appellant.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her disability retirement application as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to demonstrate mental incompetence requisite for waiver of the time limit for applying for disability retirement.

The appellant argues that she produced sufficient evidence of her mental incompetence for waiver of the time limit for applying for disability retirement under the Federal Employees' Retirement System (FERS).[2] Petition for Review (PFR) File, Tab 1 at 6-9. The administrative judge concluded that the appellant's evidence was insufficient to demonstrate that she was mentally incompetent during the relevant period. Initial Appeal File (IAF), Tab 18, Initial Decision (ID) at 5-7. In order to establish her entitlement to a waiver of the 1-year time limit for filing a disability retirement application, the appellant must prove by preponderant evidence[3] that she was mentally incompetent when she was

---

[2] The parties do not challenge the administrative judge's finding that the appellant's application for disability retirement was untimely, and we see no reason to disturb that finding.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a

separated from service or within 1 year thereafter, and that she filed her application with OPM within 1 year of the date she was restored to competency or within 1 year of the date of the appointment of a fiduciary, whichever occurred first. 5 U.S.C. § 8453; 5 C.F.R. § 1201.56(b)(2)(ii). An applicant for disability retirement need not be institutionalized or completely unable to manage her own affairs to be deemed incompetent. *Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007). A person who suffers from mental disabilities would not necessarily be considered incompetent. *Id.* Mental incompetence is instead a diminished ability to handle one's affairs in a normal fashion. *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987). In determining whether an applicant for disability retirement benefits was or is mentally incompetent, the Board requires medical evidence supporting subjective opinions that the applicant is incompetent. *Arizpe v. Office of Personnel Management*, 88 M.S.P.R. 463, ¶ 9 (2001). A medical provider's conclusion that an applicant is mentally incompetent is persuasive only if the provider explains how a mental illness renders her incompetent. *Gonzales v. Office of Personnel Management*, 91 M.S.P.R. 46, ¶ 5, *aff'd*, 48 F. App'x 747 (Fed. Cir. 2002).

The appellant on review asserts that she provided "objective medical documentation" demonstrating her history of anxiety and depression. PFR File, Tab 1 at 8-9. For example, she cites medical documentation showing treatment for emotional instability with associated depression and anxiety from 1997-1999, and again from 2015-2019. IAF, Tab 4 at 11, 18, 38, Tab 14. She additionally cites a 2019 referral order diagnosing her with an unspecified anxiety disorder and payment for treatment. IAF, Tab 5 at 18, Tab 13 at 48. Finally, she cites a 2017 evaluation for neck and low back pain. IAF, Tab 4 at 96-105. The evaluation specifically noted her treatment for anxiety disorder and depression. *Id.* at 98. The evaluation further found her concentration and calculation

contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

impaired, concluding that the appellant had "[b]orderline intellectual functioning."[4] *Id.* at 102-04. The evaluation found the appellant moderately or moderately-to-severely impaired in numerous categories, including her ability to follow complex instructions, maintain attention and concentration, adapt to changes in job routine or stressors in the workplace, interact appropriately with coworkers, supervisors, and the public, and withstand the stress of a routine workday. *Id.* at 105.

Nonetheless, we agree with the administrative judge that the appellant has failed to meet her burden of demonstrating mental incompetence during the relevant period. Although the medical evidence suggests the appellant had some emotional and cognitive impairments, none of it supports a conclusion that the appellant's psychological problems rendered her mentally incompetent or unable to handle her personal affairs. IAF, Tab 4 at 11, 18, 38, 98-105, Tab 5 at 18. Specifically, the April 2017 evaluation found that the appellant was oriented and aware of current events, and her thought process was intact, linear, and logical. *Id.* at 102. The evaluation further noted that the appellant should be able to communicate, understand, read, drive, take public transportation, and work in any work environment except on unprotected heights. *Id.* at 100-01. The appellant was also deemed unimpaired in following simple instructions, performing simple and repetitive tasks, and managing her funds. *Id.* at 105. The evaluation found that her cognitive complaints were "likely secondary to emotional dysfunction." *Id.* at 104. Consequently, her medical provider's statements do not explain how any mental illness renders her incompetent. Indeed, the appellant was capable of attending the medical examination unaccompanied, and she was described as alert and oriented. *Id.* at 98, 102.

---

[4] Borderline intellectual functioning describes a group of people whose mental functioning is the focus of clinical attention and is on the border between normal intellectual functioning and intellectual disability. Jannelien Wieland & Frans G. Zitman, *It is time to bring borderline intellectual functioning back into the main fold of classification systems*, BJPsych Bull, vol. 40(4) (Aug. 2016), http://www.ncbi.nlm.nih.gov/pmc/articles/PMC4967780.

The appellant further challenges the administrative judge's reasoning that, because she was able to handle some affairs during the relevant period, she was not mentally incompetent. PFR File, Tab 1 at 6-7. The appellant is correct that the fact that she could handle some personal affairs during the period does not automatically render her competent. *See French*, 810 F.2d at 1120 (finding the statute may be satisfied by one having some minimal capacity to manage her own affairs, and need not be a "raving lunatic continuously"). Nonetheless, we agree with the administrative judge that the fact that the appellant could handle some personal affairs during and around the filing period weighs against a finding of mental incompetence. ID at 7; *see Smith v. Office of Personnel Management*, 82 M.S.P.R. 642, ¶ 10 (1999) (finding that the appellant's participation in a removal appeal and filing of a discrimination complaint during the period for filing a disability retirement application constituted significant circumstantial evidence that the appellant was not incompetent), *aff'd*, 230 F.3d 1380 (Fed. Cir. 2000) (Table).

To the extent the administrative judge found that the appellant contacted the Social Security Administration (SSA) for assistance with completing an application and filed for Social Security Disability Insurance (SSDI) benefits during the 1-year period after her separation, we note that her communication with SSA and application for SSDI occurred about 2 months before separating from her employing agency. IAF, Tab 4 at 69, Tab 13 at 34; ID at 7. Nevertheless, there is no evidence that the appellant's mental faculties diminished or otherwise changed during this time or throughout the 1-year filing period. Accordingly, we consider the evidence that the appellant was able to manage her personal affairs by attending various appointments shortly before and after the filing period in determining her mental incompetence. IAF, Tab 4 at 11, 17, 19-21; *see Bruce v. Office of Personnel Management*, 119 M.S.P.R. 617, ¶ 12 (2013) (discussing consideration of medical evidence of mental incompetence that occurred outside the 1-year filing period when there is no change in the

appellant's condition). Additionally, the April 2017 evaluation discussed above took place during the filing period and noted that the appellant arrived unaccompanied and was able to manage her personal funds. IAF, Tab 4 at 98, 105. Accordingly, we find that this circumstantial evidence supports the conclusion that the appellant was not incompetent. *See Smith*, 82 M.S.P.R. 642, ¶ 10.

While not dispositive, the Board must consider an award of SSA benefits in determining an individual's eligibility for disability retirement. *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 12 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). The record below contained a finding from the SSA that the appellant was disabled and entitled to monthly disability benefits starting in December 2016. IAF, Tab 4 at 17. However, mental incompetence regarding an untimely filed disability retirement application and mental disability are not the same thing. *Stussy v. Office of Personnel Management*, 662 F. App'x 972, 975 (Fed. Cir. 2016).[5] Notwithstanding the appellant's SSA award, we find that she has not shown she was mentally incompetent as required for a waiver of the filing deadline.

The appellant additionally argues that her mental incompetence is demonstrated by a series of poor decisions she made during the relevant period, including not claiming workers' compensation or pursuing an equal employment opportunity complaint. PFR File, Tab 1 at 7, 9-10; IAF, Tab 15 at 11. The administrative judge found that the appellant failed to demonstrate that these allegedly poor decisions were the result of mental incompetence. ID at 7. We agree. Regardless of whether her emotional and cognitive problems led her to not pursue various options, these decisions, poor or otherwise, do not demonstrate mental incompetence. She asserts that, during the relevant period, her stress levels were high and she got "brain fog." PFR File, Tab 1 at 7; IAF, Tab 4 at 10.

---

[5] The Board may rely on nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds the court's reasoning persuasive. *E.g.*, *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 12 n.6 (2011).

She further asserts that her personal hygiene suffered, she was unable to clean her home, and she could not read or comprehend. PFR File, Tab 1 at 7; IAF, Tab 4 at 10. Of note, the appellant's April 2017 evaluation concluded that the appellant "should be able to converse, communicate, understand, read and write in English." IAF, Tab 4 at 100. She further states that she missed years with her family due to the ongoing problems. PFR File, Tab 1 at 7-8; IAF, Tab 4 at 10. She additionally submitted personal statements from herself, her daughter, and her roommate. PFR File, Tab 1 at 7; IAF, Tab 4 at 40, 43-44, Tab 15 at 10-13, Tab 16 at 4-5. We have considered this subjective evidence; but, we agree with the administrative judge that, considering the record as a whole, the appellant failed to prove by preponderant evidence that she was mentally incompetent on the date of her separation from service or within 1 year thereafter. ID at 6.

The appellant's remaining arguments on review are not persuasive.

The appellant further argues that her employing agency failed to meet its burdens under 5 C.F.R. § 844.202 regarding her application for disability retirement. PFR File, Tab 1 at 11. We are unpersuaded.

In certain scenarios, an employing agency must file an application for disability retirement on behalf of an employee. 5 C.F.R. § 844.202(a). Among the requisite conditions are the following: (1) the employing agency has issued a decision to remove the employee; (2) the removal was based on unacceptable performance, attendance, or conduct stemming from disease or injury; and (3) the employee is either institutionalized or the agency concludes, based on a review of medical and other information, that the employee is incapable of making a decision to file an application for disability retirement. 5 C.F.R. § 844.202(a).

There is a question of whether the appellant was removed or voluntarily resigned. PFR File, Tab 1 at 5. However, we need not reach this issue here as the cause of separation is not dispositive. On review, the appellant asserts that she was not removed by her employing agency but rather she voluntarily quit. *Id.* If true, then there is no employing agency obligation to file an application for

disability retirement on behalf of the employee or otherwise advise her of her possible eligibility for such retirement benefits. 5 C.F.R. § 844.202(a), (b); *see Elendu v. Office of Personnel Management*, 108 M.S.P.R. 1, ¶ 6 n.1 (2008) (finding that where an employee voluntarily resigned from service, the employing agency was under no obligation to inform him of his disability retirement eligibility and of the time limit for filing an application). On the contrary, if she was removed, not all of the conditions for triggering an employing agency's obligation to file have been met. For example, there is no evidence that the agency concluded, after its review of medical documentation, that the cause for unacceptable attendance was disease or injury, or that the appellant was incapable of making a decision to file an application for disability retirement on her own. 5 C.F.R. § 844.202(a)(2), (3). In the absence of such evidence, we find that the agency was not required under 5 C.F.R. § 844.202(a) to file an application for her.

When the conditions of 5 C.F.R. § 844.202(a) have not been met, but a removal is based on reasons apparently caused by a medical condition, the employing agency must advise the employee of her possible eligibility for disability retirement and of the time limit for filing an application. 5 C.F.R. § 844.202(b)(1). The appellant challenges her employing agency's disciplinary actions based on attendance issues, which led to her proposed removal; she asserts she was absent for doctor and therapy appointments, and her absences were therefore caused by a medical condition. PFR File, Tab 1 at 4. Thus, she argues, because the employing agency failed to notify her of her rights and benefits when it proposed her removal, the 1-year time limit for filing a disability retirement application should be waived. *Id.* at 11. We disagree. The Board has held that OPM cannot be estopped from enforcing the 1-year statutory filing deadline, even in the event of a failure on the part of the employing agency to notify her of her right to file a disability retirement application. *See Overall v. Office of Personnel Management*, 52 M.S.P.R. 15, 17 (1991) (addressing an

untimely filed disability retirement application under the Civil Service Retirement System (CSRS)); *see also Chapman v. Office of Personnel Management*, 110 M.S.P.R. 423, ¶ 9 (finding the statutory and regulatory framework for disability retirement under both CSRS and FERS are broadly similar), *review dismissed*, 363 F. App'x 745 (Fed. Cir. 2009). Thus, even if the employing agency failed to meet its notice burden, OPM cannot be estopped from enforcing the filing deadline.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discri mination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.