Opinion for the court filed by Circuit Judge, PROST. Opinion dissenting-in-part filed by Circuit Judge NEWMAN.
PROST, Circuit Judge.
Petitioner Lisa S. Rapp appeals a decision by the Merit Systems Protection Board (“MSPB” or “Board”) affirming an Office of Personnel Management (“OPM”) decision terminating her disability annuity. Rapp v. Office of Pers. Mgmt., No. AT844E050056-I-1, 101 M.S.P.R. 132 (M.S.P.B. Dec. 27, 2005). In light of the fact that there is an insufficient basis upon which to determine whether the Board committed procedural error, we vacate the Board’s decision and remand for proceedings to determine whether appointment of counsel for Ms. Rapp is warranted.
I. BACKGROUND
Ms. Rapp was previously employed as a GS-12 Computer Specialist with the Department of the Navy. During her employment, Ms. Rapp developed severe mental health problems and was unable to meet the requirements of her position. Accordingly, in February 1997, OPM approved her disability retirement based on a medical diagnosis of major depression and anxiety.
To continue receiving her disability retirement annuity, Ms. Rapp was subject to annual medical evaluations to certify that she was still mentally disabled. See 5 U.S.C. § 8454 (1986). On March 17, 2004, OPM informed Ms. Rapp that the latest medical report that she submitted was not adequate to complete her annual medical review, and requested additional information. However, rather than providing information supporting her claim, Ms. Rapp submitted a statement from her psychiatrist, Dr. Douglas Fraser, indicating that Ms. Rapp’s depression was controllable with medication and that he saw “no signs of psychiatric impairment.” Accordingly, OPM held that the information Ms. Rapp submitted failed to establish her continued entitlement to the annuity.
Ms. Rapp appealed to the Board and provided additional testimony from a psychologist, Dr. Sandra Adams, indicating that Ms. Rapp still suffered from a major depressive disorder. Although the administrative judge characterized hers as a “troublesome case insofar as the appellant’s psychiatrist and psychologist disagree regarding her mental status,” Rapp v. Office of Pers. Mgmt, No. AT844E050056-I-1, slip op. at 3 (M.S.P.B. May 27, 2005), the judge found Dr. Fraser’s opinion to be more persuasive and concluded that Ms. Rapp had not met her burden of establishing entitlement to continued disability retirement benefits. This decision became final when the full Board denied review of the administrative judge’s decision. This appeal followed.
II. DISCUSSION
A decision of the MSPB must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed.Cir.1986).
On appeal, Ms. Rapp states that she still has continuing health problems, that the Board failed to provide her with the legal information that she needed in order to adequately represent herself, and that *1341 OPM misled her about providing information, told her not to send additional documents, and provided a confusing acknowledgment letter. Additionally, Ms. Rapp alleges she was “incompetent and unable to represent [herself] due to illness and medications during the MSPB process.” (Petr.’s Br. at 27.) In fact, on September 11, 2006, Ms. Rapp filed a motion asking for legal assistance on this appeal, and included a letter dated August 31, 2006, from a clinical psychologist, Dr. Pashia Groom, stating her evaluation of Ms. Rapp’s mental and physical health.
On appeal, this.court has no authority to review the facts of whether Ms. Rapp is entitled to a disability annuity. Our review is limited to whether there was “a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error ‘going to the heart of the administrative determination.’” Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 780-81, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). We review only Ms. Rapp’s arguments concerning procedural rights in light of her having represented, on appeal, that she was not competent to understand the legal requirements and respond to the objections raised by OPM and the administrative judge, and in light of her request for appointment of counsel.
Although Ms. Rapp requests appointment of counsel to assist her before this court, we feel that questions regarding her eligibility for appointment of counsel are more appropriately resolved by the Board, in the first instance, in situations such as this case. Moreover, Ms. Rapp’s request raises the issue of whether she was ever competent to represent herself before OPM and the Board, which is also appropriately resolved by the Board in the first instance.
This court’s standard for mental incompetence is an inability to handle one’s personal affairs because of either physical or mental disease or injury. An applicant may be “one having some minimal capacity to manage his own affairs, and not needing to be committed. The claimant is not required to have been a raving lunatic continuously.” French v. Office of Pers. Mgmt., 810 F.2d 1118, 1120 (Fed.Cir.1987).
In French, we previously considered the appointment of counsel for an individual already determined to be incompetent. There, we remanded to the MSPB to formulate procedures to ensure the presence of a competent conservator or attorney in “an apparently nonfrivolous claim of past incompetence by one presently incompetent.” Id. Unlike French, however, there has been no determination that Ms. Rapp was ever incompetent. At best, Ms. Rapp was determined to have been previously, but not presently, mentally disabled. Notably, however, mental disability and mental incompetence are not the same thing. See McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1367 (Fed.Cir.2004) (“A person mentally incompetent ... may not be, ultimately, determined disabled. Moreover, disability ... does not require mental incompetence.”). Accordingly, French provides us with little guidance in this case.[1]
*1342 The MSPB, however, has vacated initial decisions and remanded appeals for new adjudications when an appellant was unrepresented in the lower proceeding and there were indications below that the appellant was suffering from a psychiatric disorder that was likely to have affected his or her ability to adequately represent him or herself. Connelly v. U.S. Postal Serv., 35 M.S.P.R. 614, 617 (1987); Bergstein v. U.S. Postal Serv., 27 M.S.P.R. 56, 59-60 (1985). However, in the proceedings before the agency or the Board, the appellants in these cases either explicitly stated a belief that they could not adequately represent themselves, or acted in a manner that indicated they may be unable to adequately represent themselves.
Here, although Ms. Rapp alleges she raised the issue of her competency before the Board, the record does not reflect whether or not the Board considered the issue. As such, the record is insufficient for us to determine whether or not procedural error was committed when Ms. Rapp was allowed or required to represent herself before the Board. In light of the unusual circumstances of this case, we vacate the Board’s decision and remand to the Board for further proceedings to determine, in the first instance and consistent with its own procedures, whether Ms. Rapp was competent to represent herself in the proceedings before the OPM and the Board and, if she was not, to reevaluate her claim once she has acquired or been appointed adequate legal counsel.[2]’[3]
*1343 COSTS
No costs.

VACATED AND REMANDED

. The dissent seems to overlook this fact and implies that this court instructed the MSPB to assist a claimant whenever he or she fails to establish his or her incompetency. See Dissent at 1343-1344. This, however, is not what the court did in French. To the contrary, as discussed above, Mr. French had already been determined to be incompetent, not merely mentally disabled. The only issue was whether Mr. French should be required to establish or allowed to attempt to show his own incompetency for the previous years, without the assistance of counsel. French, 810 F.2d at 1119. The case did not turn on his assertion of previous incompetence, or on his failure to establish such incompetence. *1342 Instead, the case turned on the fact that Mr. French was undisputedly incompetent at the time of the hearing. In light of this undisputed incompetence, the court held that Mr. French "alone should not be charged with the task of establishing” his past incompetency. Id. at 1120. As such, the implication that any claimant that asserts mental incompetence is automatically entitled to a remand and appointment of counsel is not supported by the court's holding in French.
The dissent also overstates the holding in the remand from French when stating that “the Board ... held that when the basis of the employee claim is mental illness, an adverse decision should not be rendered until the Board has assured itself that ‘circumstances conducive to fair adjudication' were obtained.” Dissent at 1344-1345. The Board, however, does not appear to have applied such a far-reaching principle. To the contrary, the Board merely directed the Regional Office not to enter an adverse order against Mr. French, who had already been found incompetent at that time, until he found counsel. French v. Office of Pers. Mgmt., 37 M.S.P.R. 496, 499 (1988). If necessary, the Board also authorized the Regional Office to dismiss the case without prejudice to reinsti-tution of the action "under circumstances conducive to fair adjudication.” Id. The Board's directive did not extend to other cases or prohibit rendering adverse decisions against other employees alleging mental illness.

. The dissent states that these proceedings would be "redundant” because Ms. Rapp "has already failed in representing herself at such a hearing.” Dissent at 1343. We disagree, as the record does not reflect that a determination of Ms. Rapp's competency has ever been made. Furthermore, to the extent the hearing to which the dissent refers is the previous MSPB hearing in which Ms. Rapp unsuccessfully attempted to recertify her mental disability, the dissent assumes that Ms. Rapp was ultimately unsuccessful because she was incompetent and not because, as her doctor stated, she was no longer mentally disabled. Such an assumption is unsupported by the record.

. The dissent also provides no basis for its assertion that "the burden should reside with OPM to show that a person who OPM had previously found to be mentally disabled is no longer so.” Dissent at 1343. As this court has held before, "the MSPB has the authority to impose on the applicant ... the burden of proving his disability.” Lindahl v. Office of Pers. Mgmt., 776 F.2d 276, 280 (Fed.Cir.1985). Nothing in our case law indicates that this does not extend to persons asserting a mental disability under 5 U.S.C. § 8337(a). In fact, French, the case the dissent relies upon so heavily, makes clear that even a person currently incompetent has the burden of establishing his or her past incompetence. 810 F.2d at 1119.