NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HATTIE R. BASS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3105

---

Petition for review of the Merit Systems Protection Board in Case No. SF831E080563-I-2.

---

Decided: December 27, 2010

---

RONALD P. ACKERMAN, Law Offices of Ronald P. Ackerman, of Culver City, California, for petitioner.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

_____

Before NEWMAN, PLAGER, AND PROST, *Circuit Judges*.

PER CURIAM.

Ms. Hattie R. Bass appeals the decision of the Merit Systems Protection Board denying her application for retirement disability benefits. *Bass v. Office of Personnel Mgmt.*, No. SF831E080563-I-2 (M.S.P.B. Jan. 25, 2010). The Board determined that Ms. Bass's application was untimely and that the untimeliness was not excused by reason of mental incompetence. We *affirm*.

## BACKGROUND

In accordance with section 8337(a) of title 5, an employee may apply for disability retirement after at least five years of civilian service if "unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment." Approved applicants receive an annuity as determined by the Department of Labor. *See* 5 U.S.C. §8337(a), (g) (2000). Applications must be filed before the employee is separated from the service or within one year thereafter. However, an application will be deemed timely if the applicant can establish that she was "mentally incompetent" during the relevant filing period and the application is filed within one year after the restoration of competency or the appointment of a fiduciary. §8337(b).

Ms. Bass resigned from service with the Department of Veterans Affairs on July 21, 1993 after nineteen years of employment. At the time of her resignation, Ms. Bass was experiencing psychological problems. Ms. Bass testified that the problems were "serious," and included verbal

outbursts and urinary incontinence that forced her to miss work. Medical records demonstrate that during the 1993-1994 time period Ms. Bass was evaluated and treated by various physicians due to episodes of mental illness. On November 24, 1993 she was diagnosed with subchronic paranoid schizophrenia at the UCLA Medical Center. In January 1994 she was involuntarily hospitalized as a danger to herself and others.

However, during the same time frame Ms. Bass's regular psychiatrist Dr. Gilbert described her as "logical and coherent without delusion or involuntary movements." Dr. Gilbert's reports reflect that Ms. Bass resigned from her job at the VA because she believed that she had cancer and wanted to work part-time to be able to enjoy her remaining life. During her November 1993 evaluation at UCLA, Ms. Bass told her physician that her paranoia did not "really prevent her [from] carry[ing] out her daily activity and looking for a job." She denied all psychotic symptoms. From February 1994 until July 1994, Ms. Bass was treated at Long Beach Mental Hospital where she was medicated and supervised. Social worker Mercy Cotton noted that Ms. Bass's judgment was intact and her thought associations unimpaired. No psychiatric markers were deemed severe and she was deemed to be independent on all basic living skills.

Ms. Bass first applied for disability retirement on October 20, 1995. OPM denied her application on the ground that it had been filed more than one year after her resignation from the VA. Ms. Bass filed a second application on May 8, 2007. This application was not ruled upon by OPM in light of the 1995 denial. On June 27, 2008 Ms. Bass appealed these decisions to the Board.

After a hearing involving four witnesses, the Administrative Judge found that from July 21, 1993 to May 8, 2007 Ms. Bass was impaired by chronic paranoid schizophrenia and at no time since her diagnosis was she "recovered" from her disease. However, the Administrative Judge also found that Ms. Bass was "functional" during the relevant time periods and "more than minimally able to manage her affairs." For example, Ms. Bass was found to have substantially handled her own bills and financial affairs, maintained an apartment, drove and maintained an automobile, and applied for benefits from the Social Security Administration. The Board denied her application as untimely filed, and not excused by mental incompetence. On appeal, Ms. Bass argues that "the overwhelming evidence" supports a finding that she was mentally incompetent during significant portions of the relevant time periods following her resignation.

## DISCUSSION

We are charged with reviewing the Board's actions, findings, and conclusions to ensure that they are not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. §7703 (1998).

The standard for waiver of timely filing under §8337 is "an inability to handle one's personal affairs because of either physical or mental disease or injury." *Rapp v. Office of Personnel Mgmt.*, 483 F.3d 1339, 1341 (Fed. Cir. 2007). "The claimant is not required to have been a raving lunatic continuously" in order to be deemed mentally incompetent to apply for benefits. *French v. Office of Personnel Mgmt.*, 810 F.2d 1118, 1120 (Fed. Cir. 1987). However, the court

has also held that a person who suffers one or more mental disabilities is not necessarily mentally incompetent to file an application for benefits. *See McLaughlin v. Office of Personnel Mgmt.*, 353 F.3d 1363, 1367 (Fed. Cir. 2004 ("[W]hether an applicant should be excused from the normal filing deadlines for mental incompetence does not require a review of a disability determination.")  These fact-driven agency determinations are reviewed for support by substantial evidence.

The Board found that although Ms. Bass was afflicted by chronic paranoid schizophrenia from 1993 to 2007, she was not "mentally incompetent" for the purposes of §8337(b) because she was sufficiently functional in her personal affairs.  This finding is supported by substantial evidence.  Ms. Bass's current psychiatrist, Sam Smith, M.D., testified that Ms. Bass's condition varies in severity and while some patients are "devastated" by the ailment, others are "functional."  He testified that Ms. Bass's case manager during the relevant time period believed that Ms. Bass was "functional," although her case was "a very inconsistent picture."  Ms. Bass herself testified that she took care of her own finances to a large degree, and when she "was thinking halfway decent [she] would go to the food bank and get food."  She also went to the Long Beach Clinic once or twice a month to receive treatment and medication.  Two other witnesses, Ms. Bass's brother and a close friend, testified that Ms. Bass handled her personal finances and other day-to-day tasks substantially on her own.

Ms. Bass argues that under the Board's decision in *Hass v. Office of Personnel Mgmt.*, 84 M.S.P.R. 110, 114 (1999), she need only demonstrate incompetency for "significant portions" of the relevant time period to support waiver of the application deadline.  The Board held in *Hass* that the inference of continuous incompetency can be contradicted by

"preponderant evidence to the contrary." *Id.* Although Ms. Bass clearly had episodes in 1993 and 1994, substantial evidence supports the Board's finding that Ms. Bass was able to manage her personal affairs during the statutory period. She was receiving treatment and medication on a regular basis, and her episodes were generally not long lasting.

Deference must be given to the findings of an administrative factfinder, particularly when there was extensive witness testimony and a fully developed argument. *See Altx, Inc. v. United States*, 370 F.3d 1108, 1116 (Fed. Cir. 2004). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported." *Id.* Here the Board's finding that Ms. Bass was "more than minimally able to manage her affairs during most of the period at issue" was supported by substantial credible evidence, and the correct legal standard was applied. Accordingly, the Board's decision must be affirmed.

Each party shall bear its costs.

AFFIRMED.