**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VIVIAN L. COLE,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-0843-18-0189-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: April 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vivian L. Cole, East Brady, Pennsylvania, pro se.

Carla Robinson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that she was not eligible for an increased survivor annuity under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is the surviving spouse of a FERS retiree. Initial Appeal File (IAF), Tab 4 at 20, 41. Her late spouse filed an application for immediate retirement in February 2014 and retired from Federal service effective February 28, 2014. *Id.* at 31-36, 41. He elected to receive a reduced annuity with a partial survivor annuity for the appellant. *Id.* at 31. The appellant signed a spousal consent form before a notary public, indicating her consent to her spouse's election of a partial survivor annuity. *Id.* at 34.

The appellant's spouse passed away on October 23, 2015, following a diagnosis of stage 4 glioblastoma multiforme brain cancer. IAF, Tab 4 at 20, Tab 9 at 4. Thereafter, the appellant contacted OPM regarding the amount of the survivor benefits she was receiving. Hearing Compact Disc (HCD). After being told by OPM that her spouse had elected, and she had consented to, partial survivor benefits, she indicated to OPM that she believed her late spouse had not been competent to make such a decision. IAF, Tab 4 at 10. On June 24, 2016,

OPM issued an initial decision finding that her spouse's election of partial survivor benefits was valid. *Id.* The appellant then requested reconsideration, which OPM denied. *Id.* at 5-9.

The appellant timely filed an appeal with the Board challenging OPM's reconsideration decision. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 14, Initial Decision (ID). He found that, while an annuitant may change his election for a survivor annuity no later than 30 days after receiving his first regular retirement payment, there is no dispute that the appellant's spouse did not change his election within this 30-day timeframe. ID at 3. In addition, he found that, although an annuitant can elect to provide a survivor annuity or increase a reduced survivor annuity to a full survivor annuity no later than 18 months after his retirement, the appellant's spouse made no such election within this period. ID at 3-4. The administrative judge also found that the evidence did not show that the appellant's spouse was mentally incompetent. ID at 4.

The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under FERS, the surviving spouse of a retired Federal employee is entitled to an annuity equal to 50 percent of the annuitant's monthly benefit unless the survivor consented in writing to receive no such survivor annuity or a reduced annuity at the time of the employee's retirement. 5 U.S.C. §§ 8442(a)(1), 8416(a)(1). The regulations provide a 30-day window, after the retiree's receipt of the first regular monthly annuity payment, during which the retiree may revoke or change his election or name another survivor.[2] 5 C.F.R. § 842.610(a).

_____

[2] In the initial decision, the administrative judge cited regulatory provisions applicable to the Civil Service Retirement System (CSRS), rather than FERS. ID at 3. He cited 5 C.F.R. § 831.622(a)-(b), which, like 5 C.F.R. § 842.610(a)-(b), provides that an annuitant may not revoke or change their election later than 30 days after the day of the first annuity payment and can elect to provide a survivor annuity or increase a reduced

A retiree may also, within 18 months after retirement, choose to elect a survivor annuity for the spouse to whom he was married at retirement if he did not previously do so or to increase the size of such an annuity. 5 U.S.C. § 8416(d)(1); 5 C.F.R. § 842.610(b)(1).

Here, it is undisputed that the appellant's late spouse timely elected a partial survivor annuity for the appellant and that the appellant signed a spousal consent form indicating her consent to his election. IAF, Tab 4 at 31, 34. In addition, the appellant does not challenge, and we discern no basis to disturb, the administrative judge's findings that the appellant's late spouse did not seek to amend his survivor annuity election during the 30 days following his first regular monthly annuity payment or make an election during the 18 months following his retirement.[3] ID at 3-4; IAF, Tab 4 at 5-7. Rather, the appellant argues on review that she is entitled to an increased survivor annuity because she and her late spouse did not make a valid joint election of a partial survivor annuity. PFR File, Tab 1.

The U.S. Court of Appeals for the Federal Circuit has held that "the voluntary signing of a [G]overnment form for the purpose of evidencing agreement with the terms of the form is binding, and the [G]overnment is entitled to rely on the act of signing absent a showing of fraud, duress, or mental

---

survivor annuity to a full survivor annuity no later than 18 months after retirement. The Board has held that, where the regulatory requirements for FERS and CSRS provisions are broadly similar, we can rely on CSRS case law where the differences that do exist between these systems do not affect the applicability of CSRS case law to FERS cases. *See Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 8 n.1 (2012). Thus, we find that any error that the administrative judge may have made in this regard is immaterial to the outcome of the appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[3] On review, the appellant only alleges that she did not know of the applicable time frames until after her spouse's death. PFR File, Tab 1 at 2. However, the appellant cannot make a survivor annuity election for the annuitant. *See Rollins v. Office of Personnel Management,* 113 M.S.P.R. 542, ¶ 9 (2010) (finding that the administrative judge erred in ordering OPM to permit the appellant to make a new survivor annuity election). Furthermore, such an election must be made before the retiree dies. 5 C.F.R. § 842.610(b)(1). Thus, this argument does not provide a basis for review.

incompetence." *Braza v. Office of Personnel Management*, 598 F.3d 1315, 1319 (Fed. Cir. 2010) (en banc). The appellant, as the applicant for a survivor annuity and as the individual seeking to change the annuity agreement of record, has the burden to show her entitlement to the benefit she seeks by preponderant evidence. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); *Dombeck v. Office of Personnel Management*, 43 M.S.P.R. 43, 46 (1989). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

The appellant has not shown by preponderant evidence that her spouse was mentally incompetent so as to render his election invalid.

In the initial decision, the administrative judge found that the record evidence was insufficient to establish that the appellant's late spouse was mentally incompetent at the time of his retirement and survivor annuity election. ID at 4. The appellant challenges this finding on review, arguing that "anyone with any common sense should be able to see that this election was an honest mistake" and that "his ability to reason had in fact been effected [sic] by his tumor, tumor resection, radiation and chemotherapy." PFR File, Tab 1 at 3-4. She further argues that the record evidence establishes that her late spouse was mentally incompetent at the time of his survivor annuity election. *Id.* at 2-3. For the reasons that follow, we agree with the administrative judge's determination that the appellant has not met her burden to show that her late spouse's survivor annuity election was invalid on the basis of mental incompetence.

Annuity elections are only valid if made by mentally competent individuals. *Dombeck*, 43 M.S.P.R. at 45-47 (affirming OPM's decision because the appellant failed to prove that his wife was mentally incompetent at the time she elected an unreduced annuity payable only during her lifetime with no survivor benefits payable to the appellant). Although such competency is

presumed absent challenge, the spouse can demonstrate that the annuitant lacked the requisite capacity to make a valid election. *Pooler v. Office of Personnel Management*, 23 M.S.P.R. 51, 53-54 (1984) (invalidating a retiree's election of a life annuity with no survivor benefit when there was preponderant evidence that he was incompetent when he made the election). The relevant standard for mental incompetence is "an inability to handle one's personal affairs because of either physical or mental disease or injury." *Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007). The Board requires medical evidence to substantiate a claim of mental incompetence. *See Thieken v. Office of Personnel Management*, 56 M.S.P.R. 192, 194, *aff'd*, 11 F.3d 1074 (Fed. Cir. 1993) (Table).

The appellant submitted below a note from her late spouse's doctor which indicated that her spouse's "capacity to make decisions or accurately complete documentation may have been impacted." IAF, Tab 9 at 4. The appellant appears to argue on review that the administrative judge ignored this medical evidence. PFR File, Tab 1 at 2. Contrary to the appellant's assertion, the administrative judge considered this medical note but found it unpersuasive. *Id.*; ID at 4; IAF, Tab 9 at 4. In assessing this medical evidence, he observed that the doctor's note was dated January 25, 2018, which is approximately 4 years after the appellant's spouse filed for immediate retirement in February 2014. ID at 4. The administrative judge found that the doctor's note did not adequately address the appellant's late spouse's inability to handle his daily affairs during the relevant time period. *Id.* We agree.

For the first time on review, the appellant submits another note from her late spouse's doctor which states that her spouse, "had memory loss and severe fatigue and had difficulties to fully comprehend complex matters and difficulties with reasoning and was therefore impaired and at times incompetent to make prudent decisions in his own interest." PFR File, Tab 1 at 5. The Board will not consider evidence submitted for the first time on review absent a showing that it

was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the appellant has not shown that this evidence was unavailable before the record closed below despite her due diligence. Even if we were to consider this newly submitted medical note, it would not provide a basis for review. We find that the probative value of this note is limited because the doctor's note is undated, her familiarity with and treatment of the appellant's late spouse is unclear, it does not contain a reasoned explanation of how his medical condition affected his mental capacity to handle his daily affairs on a consistent basis, and it offers no specific examples or supporting documentation of his alleged impairment. *See Slater v. Department of Homeland Security*, 108 M.S.P.R. 419, ¶ 15 (2008) (indicating the factors that the Board considers when assessing the probative weight of a medical opinion), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 14; *Stone v. Office of Personnel Management*, 42 M.S.P.R. 195, 198-200 (1989) (finding that, a letter from the decedent's doctor stating that he was an insulin dependent diabetic with "extreme difficulty with his mental capacity . . . [and] had difficulty making important decisions" lacked probative weight and was insufficient to establish mental incapacity).

The appellant also submits for the first time on review letters from friends and family describing how well they knew her late spouse, how his medical conditions impacted him, and that he would have wanted his wife to have the maximum survivor annuity. PFR File, Tab 1 at 6-10. As indicated above, the Board will generally not consider evidence submitted for the first time on review. *Avansino*, 3 M.S.P.R. at 214. Here, the appellant has also not shown that this evidence was unavailable before the record closed below despite her due diligence. Even if we were to consider these newly submitted letters, it would not provide a basis for review. Absent medical evidence showing that the appellant's late spouse was mentally incompetent when he elected a partial survivor annuity in February 2014 or at any time during the following 18 months, the subjective

opinions of the appellant and her late spouse's friends and family that he was mentally incompetent are unpersuasive. *See Thieken*, 56 M.S.P.R. at 194. Accordingly, the appellant has provided no reason to disturb the administrative judge's finding that the appellant did not prove that her late spouse was mentally incompetent so as to render his election invalid.

The appellant has not shown by preponderant evidence that she did not consent to her late spouse's election that she receive a partial survivor annuity.

It is undisputed that the appellant completed a signed consent to receive a partial survivor annuity, which was notarized on February 17, 2014. IAF, Tab 4 at 34; HCD. The relevant inquiry in determining whether the appellant met her burden of proving her entitlement to the survivor annuity she seeks is whether she consented to her spouse's election that only entitled her to a partial survivor annuity. *See Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 10 (2009). The administrative judge found that the appellant signed the spousal consent form and her consent was not invalidated on the basis of the appellant's or her spouse's mistake or failure to read the documents. ID at 4.

On review, the appellant alleges that her spouse made an "honest mistake" when he elected to provide her with a partial survivor annuity and that she signed the spousal consent form without reading the document. PFR File, Tab 1 at 2-3. The administrative judge addressed these arguments below, properly concluding that, to the extent the appellant or her spouse erred in electing a reduced annuity and consenting to a reduced annuity, unilateral mistake is not a basis for invalidating the election. ID at 4; *see Carlton v. Office of Personnel Management*, 52 M.S.P.R. 225, 229 (1992). The administrative judge further correctly noted that the appellant's argument that she did not read the relevant documents does not render her consent invalid. ID at 4; *see Cerilli v. Office of Personnel Management*, 119 M.S.P.R. 404, ¶ 8 (2013).

Although we sympathize with the appellant's circumstances, neither the Board nor OPM may grant retirement benefits on the basis of equitable

considerations when granting such benefits is not otherwise permitted by law. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416 (1990); *Hamilton v. Office of Personnel Management*, 69 M.S.P.R. 690, 694 (1996). Therefore, we find no basis to disturb the administrative judge's determination that OPM's reconsideration decision must be affirmed.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.