**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TERECIA SMITH, | DOCKET NUMBER |
| Appellant, | DA-0842-19-0275-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: July 8, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terecia Smith, Allen, Texas, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) to deny the appellant's request for annuity benefits under the Federal Employees' Retirement System (FERS) because she had requested and received a refund of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

her retirement deductions. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are not in dispute. The appellant was employed by the Federal Labor Relations Authority from October 28, 1984, through March 30, 1985, and by the Federal Deposit Insurance Corporation (FDIC) from March 31, 1985, through March 7, 1986. Initial Appeal File (IAF), Tab 13 at 23-24. She applied for a refund of her retirement deductions on March 2, 1986, and the refund was authorized on July 31, 1986. *Id*. at 23, 32-34. The appellant was then employed by the Department of the Treasury from July 20, 1987, through November 5, 1987, and another agency from October 21, 1990, through August 9, 1996. *Id*. at 20-22. She applied for another refund of her retirement deductions on August 18, 1997, and the refund was authorized on October 6, 1997. *Id*. at 20, 26-31.

The appellant submitted an application for deferred or postponed retirement on February 21, 2019. *Id*. at 40-45. OPM issued a final decision on

March 21, 2019, finding that she was not eligible to receive annuity benefits under FERS because she requested and received a refund of her retirement deductions. *Id*. at 11-12.

The appellant filed a Board appeal challenging OPM's final decision. IAF, Tab 1. Because the appellant did not request a hearing, the administrative judge issued an initial decision based on the written record that affirmed OPM's decision. IAF, Tab 23, Initial Decision (ID) at 1, 7. In pertinent part, the administrative judge found that the appellant's bare assertion that she did not receive the refund of her retirement deductions because she had moved, without corroborating evidence, did not meet her burden to prove non-receipt by preponderant evidence. ID at 3-4 (citing *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72 (1991), *aff'd*, 950 F.2d 731 (Fed. Cir. 1991)). The administrative judge also considered the appellant's assertion that she was not in a right state of mind when she applied for a refund in 1997 due to workplace sexual harassment, but she found that the appellant did not prove by preponderant evidence that she was mentally incompetent. ID at 4-6.

The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She then attempted to submit supplemental documentation, but the Office of the Clerk of the Board rejected the submission as an additional pleading and informed her that she may file a reply to any agency response to the petition for review within 10 days of its date of service. PFR File, Tab 3. After the agency responded in opposition and the record on review closed, the appellant filed a reply.[2] PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of proving her entitlement to the retirement benefits she seeks by preponderant evidence. *Cheeseman v. Office of Personnel*

_____

[2] The Office of the Clerk of the Board notified the appellant that, although her reply was placed into the record, it appeared to be untimely. PFR File, Tab 7. Nonetheless, we have considered this submission.

*Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). When, as here, an employee requests and receives a refund of her retirement contributions, and she has not been reemployed in a covered position, her right to a retirement annuity is extinguished. *Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 12 (2008).

For the reasons stated in the initial decision, the appellant has failed to show by preponderant evidence that she is entitled to the FERS annuity that she seeks. ID at 3-6. Although the appellant asserts that she did not receive a refund of her retirement deductions for her prior Federal service, OPM's records show that she requested and OPM disbursed her refunded retirement deductions, IAF, Tab 13 at 13-33, and the appellant's bare assertion of non-receipt is insufficient to overcome evidence to the contrary and prove non-receipt by preponderant evidence, ID at 3-4; *Rint*, 48 M.S.P.R. at 72. The administrative judge properly found that the appellant's receipt of a refund of her retirement deductions for her periods of Federal service voids any entitlement to a FERS annuity based on that service. ID at 6.

On review, the appellant reiterates her allegations that she was sexually harassed by one of her coworkers at the FDIC, she was offered a severance package, and she involuntarily resigned from her position at the FDIC as an executive legal assistant. PFR File, Tab 1 at 1-2. She explains that she reached out to equal employment opportunity representatives to obtain information regarding those claims, but to no avail. *Id*. at 1. She appears to be alleging that the administrative judge should have granted her extension request, below, to

obtain such evidence.[3]  *Id*.  We have considered these arguments, but none warrant a different outcome.

An administrative judge has broad discretion to control the proceedings before her.  *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); *see* 5 C.F.R. § 1201.41(b).  In order to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed.  *Sanders*, 114 M.S.P.R. 487, ¶ 10.  The administrative judge noted during the pendency of the appeal that the appellant informed her that she expected to receive additional information regarding her appeal, and she issued an order to extend the close of record to afford the appellant an opportunity to submit such information.  IAF, Tab 20 at 1.  The appellant was unable to obtain the information she sought by the deadline, and she requested an additional extension of time to submit a copy of her severance package from the FDIC.  IAF, Tab 21 at 2.  The administrative judge denied the appellant's request for an additional extension of time because she found that such documentation was not material and relevant to the issue in this appeal and the appellant did not show good cause for her failure to timely obtain and submit that information.  ID at 3 n.1.  It was within the administrative judge's discretion to deny the appellant's request for an additional extension of time.  5 C.F.R. § 1201.41(b)(8).  The appellant has not shown that the administrative judge committed error in this regard.

To the extent the appellant is alleging that she was entitled to a FERS annuity based on mental incompetence at the time she requested a refund of her

---

[3] The appellant asserts, for the first time on review, that her delay in meeting the deadline can be attributed to an unspecified "illness" but that she "will not use it to justify [her] . . . lateness."  PFR File, Tab 1 at 2.  The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  In the absence of any description of her illness or how her illness affected her ability to meet the administrative judge's deadline, the appellant has not made this showing.

retirement deductions due to the allegedly pervasive sexual harassment she experienced at the FDIC, PFR File, Tabs 1, 6, the administrative judge considered this claim in the initial decision, ID at 4-6. The Board and its reviewing court have considered an exception to the general rule that receipt of a refund of retirement deductions voids an annuity when the individual was mentally incompetent at the time she applied for and received a refund. *Wadley v. Office of Personnel Management*, 103 M.S.P.R. 227, ¶ 11 (2006) (citing *Yarbrough v. Office of Personnel Management*, 770 F.2d 1056, 1060-61 (Fed. Cir. 1985)). This exception is inapplicable here because, as the administrative judge noted, the appellant has not provided any medical evidence in support of her assertion of mental incompetence. ID at 5-6; *see Rapp v. Office of Personnel Management*, 483 F.3d 1339, 1341 (Fed. Cir. 2007) (stating that the standard for mental incompetence is an "inability to handle one's personal affairs because of either physical or mental disease or injury").

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  .  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.