NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHYLLIS M. KNIGHT,**

*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**

*Respondent*

---

2025-1125

---

Petition for review of the Merit Systems Protection Board in No. DE-844E-23-0139-I-1.

---

Decided: May 9, 2025

---

PHYLLIS M. KNIGHT, Wichita, KS, pro se.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

Phyllis M. Knight petitions pro se for review of a final order of the Merit Systems Protection Board ("Board") affirming denial of her application for disability retirement as untimely. We *affirm*.

I

Ms. Knight was an employee of the Veterans Canteen Service at the Department of Veterans Affairs. In April 2015, Ms. Knight was removed from that employment for failure to follow the leave and absence request policy. By June 2016, Ms. Knight had applied for Social Security benefits with the Social Security Administration and was determined to be eligible for Supplemental Security Income beginning October 15, 2015.

On May 1, 2022, seven years after her removal, Ms. Knight filed an application with the Office of Personnel Management ("OPM") for disability retirement under the Federal Employees Retirement System. Under 5 U.S.C. § 8453, applications for disability retirement must be filed "before the employee . . . is separated from the service or within 1 year thereafter," but OPM may waive this requirement for an employee "who, at the date of separation from service or within 1 year thereafter, is mentally incompetent." OPM denied Ms. Knight's application as untimely because it was filed more than 1 year after the deadline. OPM also determined that she did not meet the criteria of mental incompetence. In making this determination, OPM reviewed documentation that Ms. Knight requested that the Social Security Administration send to OPM, including a June 2016 report from Dr. Christopher Milne, a government contracted psychologist, who determined that while Ms. Knight showed mental impairment, she did not "precisely satisfy the diagnostic criteria of

disability." S. Appx 112.[1] Following the denial, Ms. Knight submitted a request for reconsideration to OPM in which she alleged that Dr. Milne had never evaluated her and that his report was fraudulent. OPM denied Ms. Knight's rehearing request, finding that she had not established that she was mentally incompetent.

Ms. Knight appealed to the Board. In an initial decision, the Administrative Judge ("AJ") found that Ms. Knight's disability retirement application was untimely, that she was not entitled to waiver of the 1 year filing deadline due to mental incompetency, and that equitable tolling did not apply. The AJ also considered Ms. Knight's affirmative defense that OPM retaliated against her for whistleblowing on alleged fraud related to Dr. Milne's report but determined that her allegations were "entirely incredible," as Ms. Knight first requested the evidence be sent to OPM and only repudiated the report once OPM determined that it did not support her claim for incompetency. *Knight v. Off. of Pers. Mgmt.*, No. DE-844E-23-0139-I-1, at 23 (M.S.P.B. June 13, 2023). The full Board denied Ms. Knight's petition for review and affirmed the AJ's initial decision. The initial decision became the Board's final decision on August 26, 2024. *See Knight v. Off. of Pers. Mgmt.*, No. DE-844E-23-0139-I-1, at 7 (M.S.P.B. Aug. 26, 2024).

Ms. Knight now petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

This court must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

---

[1] "S. App'x" refers to the Supplemental Appendix filed with Respondent's Informal Brief.

procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). An agency decision is supported by substantial evidence if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Ms. Knight filed her application for disability retirement in May 2022, more than 1 year after she was separated from the Department of Veterans Affairs in 2015. Her application was thus untimely unless "at the date of separation from service or within 1 year thereafter, [she] [w]as mentally incompetent." 5 U.S.C. § 8453. "[M]ental incompetence is an inability to handle one's personal affairs because of either physical or mental disease or injury." *Rapp v. Off. of Pers. Mgmt.*, 483 F.3d 1339, 1341 (Fed. Cir. 2007). Ms. Knight had the burden of establishing by a preponderance of the evidence that the 1-year deadline for filing an application for disability retirement should be waived due to mental incompetence. 5 C.F.R. § 1201.56(b)(2)(ii).

Substantial evidence supports the Board's determination that Ms. Knight did not establish that she was mentally incompetent. Ms. Knight did not provide typical documentation that would be used to show mental incompetence such as a copy of a court order appointing a guardian or fiduciary to handle her affairs, statements or medical documentation from her treating provider about her medical conditions from while she was employed through the time that she submitted her application, or affidavits from people knowledgeable about her ability to handle her personal affairs to establish her mental incompetence. Ms. Knight instead submitted her own statements, two pages apparently created by the Social Security Administration, a few telephone call records and articles,

and an uncited "Medical Facts" document about Graves' Disease.

The Board did not err in determining that this evidence was not sufficient in this case to demonstrate that Ms. Knight was mentally incompetent for the purposes of 5 U.S.C. § 8453. The Board reviewed the Social Security documents and recognized that Dr. Milne's report stated that Ms. Knight did not satisfy the criteria for disability. Moreover, even if the Social Security documents may have, at best, shown that Ms. Knight was entitled to Social Security benefits, disability and mental incompetence for the purpose of waiving the 1-year filing deadline are not the same thing. *See Rapp*, 483 F.3d at 1341. We also see no error in the Board's determination that Ms. Knight's claims of fraud with respect to Dr. Milne's report were not credible, given that Ms. Knight herself requested this documentation and then claimed fraud once OPM determined it did not support her incompetency claim.

Ms. Knight further argues that there is no deadline for filing an application for disability retirement because payment is "mandatory." Pet'r's Br. 2–3. Section 8453, however, states that "a claim may be allowed . . . only if [the] application is filed with the Office before the employee . . . is separated from the service or within 1 year thereafter."

We have considered Ms. Knight's remaining arguments and find them unpersuasive.

## AFFIRMED

COSTS

No costs.